In re Estate of Catherine Welch, deceased.
On Appeal of John H. O'Brien, Appellant, v. Margaret Welch, Appellee.

Gen. No. 19,315.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 4, 1914.

## Statement of the Case.

Proceeding by Margaret Welch, administratrix of the estate of Catherine Welch, deceased, against John H. O'Brien by citation in the Probate Court under section 81 of the act relating to "Administration of Estates," J. & A. ¶ 130. The Probate Court entered an order directing defendant to pay a certain sum found in his possession to the administratrix. On defendant's appeal to the Circuit Court a like order was entered.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

From the order of the Circuit Court, defendant appeals.

Francis A. McDonnell, for appellant.

George E. Brannan, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

1. Executors and administrators, § 95*—*when objections to affidavit waived.* Objection to the sufficiency of an affidavit filed by an administratrix in pursuance of section 81 of the statute relating to "Administration of Estates," J. & A. ¶ 130, is waived by the party appearing and going to trial.

2. Executors and administrators, § 94*—*necessary parties in proceeding by citation.* It is not necessary to make the beneficiaries of an estate parties to a proceeding by citation under section 81 of the statute relating to the "Administration of Estates," J. & A. ¶ 130.

3. Gifts, § 29*—*when evidence insufficient to establish gift inter vivos in trust.* In a proceeding by citation under section 81 of the statute relating to "Administration of Estates," where the person cited claimed that certain property was given him by the intestate to hold in trust for the benefit of certain persons, *held* that the evidence was insufficient to establish a gift *inter vivos* in trust, it appearing that defendant was the intestate's agent with reference to the sale of certain real estate and collected the money therefrom which he retained, of which the fund in question was a part, and that the money was considered as belonging to the intestate to be disposed of in whatever manner she saw fit during her lifetime, without any intention of parting with its control.